CHARLES S. PATTEN *vs.* HENRY F. JOHNSON & another.

Suffolk.    May 5. — June 28, 1881.    COLT, J., absent.

A person hired of a common carrier a hack and driver to take himself and two
trunks to a house on a certain street, at each end of which posts were placed
so that the hack could not enter it. Upon the carrier proposing that the driver
should take another man to assist him in carrying in the trunks, the hirer said
that he would help him. When they arrived at the entrance to the street,
he went to the house with a valise, leaving the driver to unload the trunks; he
then returned and suggested that they take the heavier trunk first, to which
the driver assented, saying, "I will set the other in here," putting the smaller
trunk inside of the posts. They then went to the house with the larger trunk;
and, upon their return, the other trunk was gone, and has never been found.
*Held,* that these facts would warrant a finding that the hirer had waived a
delivery of the trunks at the house.

CONTRACT, with a count in tort, to recover of the defend-
ants, as common carriers, the value of a trunk belonging to the
plaintiff. Answer, a general denial. Trial in the Superior
Court, without a jury, before *Putnam,* J., who found the follow-
ing facts:

The defendants are proprietors of a hack stable in the city
of Boston, and owners of hacks, which they furnish with horses
and drivers for the transportation of such persons as choose to
employ them, with their baggage, from one part of the city and
its suburbs to another.

On April 19, 1879, the plaintiff went to their office and told
the clerk that he wanted a hack to take him and his trunks
from 8 Davis Street to 14 Ashland Place. The clerk asked him
if the trunks were heavy, and he said they were. The clerk
then told a hackman present to go with the plaintiff, and that
he had better take another man with him. To this the plaintiff
replied, that he would help the driver in with the trunks. The
clerk said, "Very well." The driver then drove to the house,
8 Davis Street, put the trunks on the hack, and the plaintiff got
inside of the hack and was driven to Ashland Place. Ashland
Place runs from Washington Street to Harrison Avenue, and
posts are placed at both ends so that a hack cannot enter it;
and the hack was driven up to the side of Washington Street,
opposite Ashland Place. The house, 14 Ashland Place, was

about two hundred and fifty feet down the Place from Washington Street. The plaintiff got out of the hack with a valise which he was carrying; and, while the driver was taking off the trunks, the plaintiff said he would go into the house with his valise and then return and help him with his trunks. He did so, and returned, and said to the driver, who was standing with the two trunks on the sidewalk, "Had we not better take the heaviest trunk first?" The driver said, "Yes, I will set the other trunk in here," putting it inside of the posts on Ashland Place. They then went in with the heaviest trunk, came back, and the other trunk was gone, and has never been found. Before the plaintiff left the defendants' office, he paid fifty cents, the price asked for the carriage of himself and trunks.

The defendants were familiar with Ashland Place. The custom in Boston, in delivering baggage of passengers, is, in the case of hotels or private houses where porters are kept, to deliver it upon the sidewalk to the porter of the house or hotel. In the case of ordinary private houses, the custom is to carry the trunk, or other baggage, to the door, or number named as the place of delivery, and then leave it in the possession of the passenger or some one authorized to receive it, and sometimes to carry the baggage up one or more flights of stairs; and the defendants testified that, if they were employed to carry a passenger and his baggage to any house in Ashland Place, they would expect and intend to carry (or have their drivers or servants do it) the trunk or baggage inside the Place to the door.

It was agreed that the plaintiff was the owner of the trunk which was lost, and that its value was thirty dollars.

Upon the foregoing facts, the plaintiff asked the judge to rule that he was entitled to a verdict. The judge declined so to rule; found for the defendants; and, by agreement of parties, reported the case to this court.

If, on the foregoing facts, as matter of law, the judge was entitled to find for the defendants, judgment was to be entered on the finding; if the judge ought to have ruled as requested by the plaintiff, judgment was to be entered for the plaintiff in the sum of thirty dollars.

*C. P. Weston*, for the plaintiff.

*C. W. Turner & L. L. Scaife*, for the defendants.

DEVENS, J.   Upon the evidence of the known usage in Boston, and of the expectation and intention of the defendants in connection therewith, it was the duty of the defendants, (unless the contract was in some way varied,) not only to have carried the trunks of the plaintiff to Ashland Place, but also, as the houses within the Place could not be immediately approached by their carriage, to have transported the same to the door of the house where the plaintiff was going, and there to have safely delivered them to him.   As the performance of this duty might be waived by the plaintiff, either in terms or by taking upon himself or accepting the delivery when the transportation by carriage was terminated, so it might be modified by his assuming control or direction of the delivery, or assenting to any particular method thereof, in which case the carriers would be relieved from responsibility.   *Loveland* v. *Burke*, 120 Mass. 139.   *Lewis* v. *Western Railroad*, 11 Met. 509.

There was evidence that no other man was taken by the hack man to aid in carrying the trunks into the house, upon the promise of the plaintiff that he would help the driver so to do. On arriving at the Place, he went to the house with his own valise, and, having left it there, returned to the entrance of the Place, proposed himself to the hackman, who stood there with the trunks, that they should take the largest first, to which the driver assented, adding, " I will set the other in here," and then putting the smaller trunk within the posts of Ashland Place. Upon their return, the trunk thus left was gone, and has not since been found.

The original proposition of the plaintiff to assist in carrying in the trunks, by reason of which no other man was taken and presumably additional expense avoided, his going to the house with his valise and return to aid in the transfer of the trunks, his suggestion that they should take the heaviest trunk first, which implied that the other was to be left, his permitting the hackman to leave the other at the entrance of the Place without objection, afford such evidence of an assent to this method of delivery that it might have been inferred that he intended to accept the responsibility of it.   These facts afford evidence of more than a mere negative assent to the mode in which the hackman conducted his own business; they warrant a finding

that there was an active participation in the transaction, and upon them it could not be held, as matter of law, that the plaintiff was entitled to judgment.     *Judgment for the defendants.*